TueNey, J.,.
delivered the opinion of the Court.
In March, 1859, Daniel Beard sold to P. J. Sims a tract of land in Wilson county, of one hundred and thirty-one acres, for the sum of $2,620; two hundred dollars in cash, the balance secured by three notes- of Sims’, with William Carter and Alfred Bass, securities, due respectively 25th Dec., 1859, 1860 and 1861; the first for $673.33, and the other two for $873.33 each. Beard made a deed to Sims, retaining a lien for the security of the purchase money. The deed was executed and registered 19th March, 1859. In October, 1859, Sims sold sixty-five acres of the land to David Odom, for $1,625, Odom executing his notes for the purchase money, and taking bond for title. Odom sold to William Smart.
On the 30th of August, 1860, P. J. Sims transferred and delivered to Beard two of the notes of Odom, each for $541.66, in part payment of the money owing on his purchase. Sims died intestate and insolvent, in 1863. Carter, one of the securities, paid off one of the notes of Sims to Beard, to an assignee of Beard, and from an imperfect record, we think it probable he paid an additional amount as security for Sims. In March, 1866, Carter filed his bill, charging that he had paid the second and third notes in part, asking that a lien for his benefit to the amount paid by him be declared on the tract of land, and that it be sold, etc.
Odom, who is made defendant, answers and resists the lien of Carter, until he shall have been indemnified for *169 tbe payments made by him, or for which, he may be liable on account of his notes to Sims, transferred to Beard.
Beard filed a cross bill, iii which he claims a lien on the entire tract, for the original purchase money, and insists that the two notes of Odom, transferred by Sims, are a lien on the sixty-five acres. An account was stated, ascertaining the amount due Beard. The report shows that there is due him (Beard) $1,'113.06, and that the amount consists of the two Odom notes.
The pleadings all show that Beard received these notes in part payment, and actually eiitered them as credits on the notes of Sims, on which Carter was security.[1]
The Chancellor decreed that, for these Beard had the prior lien. This was error. Beard received them as payments, and is boxnd by it. The security- of Sims, and Sims himself, wore discharged from liability to that extent.
It appearing that these notes were the only outstanding debts due to Beard, and that Carter as security had paid portions of the purchase money agreed to be paid by Sims to Beard, he is entitled to be substituted to the lien of Beard to the extent of the- payments by him, and this lien is superior to all others. Beard has' his lien upon such equity as Odom acquired by his purchase and title bond from Sims, but must- be postponed to Carter.[2]
The sale, without the equity of redemption, is not authorized, as appears from the decree itself, and is void.
The land will be re-sold, and the proceeds applied, first, *170 to the payment to Carter of the amount paid by him for Sims. The bill of Beard, as to Carter, is dismissed with costs; it may be retained to reach such interests as Odom may have after Carter is paid.
It is intimated that the proper parties are not all before the Court. The cause is remanded for the execution of a decree under this opinion, and if deemed necessary, any nominal party may be brought in.

 See Denny v. Steakly, ante, p. 156.

 See Trent v. Kyle, 1 Heis., 663.